IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRANDON ANDERSON                                                                              PLAINTIFF
ADC #555480

v.                                            4:22-cv-00189-JM-JJV

STACY WHITE, Nurse,
Arkansas Community Correction Center                                                     DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

### DISPOSITION

**I.    DISCUSSION**

Brandon Anderson ("Plaintiff") is a convicted prisoner in the Central Arkansas Community Correction Center. He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendant Nurse Stacy White violated his constitutional rights. (Doc. 1.) After careful consideration and for the following reasons, I recommend the Complaint be dismissed without prejudice for being frivolous and failing to state a claim upon which relief may be granted.

1

## II.     SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(A)(b).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Twombly,* 550 U.S. at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief.  *Id*. at 557.

Title 42 of the United States Code, section 1983 allows individuals to bring suit against persons who, under color of state law, have caused them to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983 (1996).  Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere."  *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted).  In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### III.   PLAINTIFF'S COMPLAINT

Plaintiff says that on January 19, 2022, Nurse Stacy White "gave him the wrong pill that wasn't mine." (Doc. 1 at 4-5.)  When Plaintiff told her it was not his medication, White alleged said "it's just Tylenol" and "take it anyway." (*Id*.)  Plaintiff claims, without explanation, that White somehow "forced" him to take the pill. (*Id*.)  After White left, Plaintiff coughed the pill "back up" and "still has it." (*Id.*)  As relief, Plaintiff seeks "the max I can get," which I presume is monetary damages. (*Id*. at 9.)  For the following reasons, I conclude these allegations are frivolous and fail to state a claim upon which relief may be granted.

First, it is well settled that the periodic or occasional failure to properly dispense medications is not deliberate indifference, and thus, insufficient to sustain a constitutional claim. *Zentmyer v. Kendall Cnty. Ill.,* 220 F.3d 805, 811 (7th Cir. 2000); *Erin v. Busby*, 992 F.2d 147, 150-51 (8th Cir. 1993).  Second, to establish standing to bring a lawsuit, "a plaintiff must show an injury in fact traceable to the defendant's conduct that will likely be redressed by a favorable decision." *Mitchell v. Dakota Cty. Soc. Servs.,* 959 F.3d 887, 896 (8th Cir. 2020).  In the Complaint, Plaintiff says he fears Nurse White will "do it again," and he will not "be lucky to catch it in time." (Doc. 1 at 9.)  But, "allegations of possible future injury do not satisfy the requirements of Art. III" standing. *Johnson v. State of Mo.,* 142 F.3d 1087, 1089 (8th Cir. 1998) (quoting Babbitt v. United Farm Workers Nat. Union, 442 U.S. 289, 298 (1979)).  Plaintiff also lists his injuries as "vomiting, headache, and body wasn't feeling right." (*Id*. at 7.)  But, Plaintiff's assertion that he suffered these injuries as a result of briefly ingesting a single Tylenol pill, which he coughed up, is "incredible," "fanciful," and "factually frivolous." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) ("a court may dismiss a claim as factually frivolous" when the "facts alleged rise to the level of the irrational or the wholly incredible").

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 1) be DISMISSED without prejudice for being frivolous and failing to state a claim upon which relief may be granted.

2. The Court recommend that, in the future, dismissal of this case count as a strike for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 17th day of March 2022.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." In *Gonzalez v. United States*, 23 F.4th 788, 791 (8th Cir. 2022), the Eighth Circuit recently held that decision of whether a dismissal should be counted as a strike is for the later judge who must determine if the prisoner is barred from proceeding *in forma pauperis*.